UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY-ANN ASHENHURST-GALLINA,

    Petitioner,

v.            CASE NO. 08-11779
              HONORABLE DENISE PAGE HOOD
SHERIFF JEFFERY V. GOYT,

    Respondent.
_____/

## ORDER OF DISMISSAL

**I. INTRODUCTION**

  Kenneth Paul Gallina has filed a *pro se* habeas corpus petition on behalf of his wife, Nancy Ann Ashenhurst-Gallina ("Petitioner"), who is confined at the Clare County Jail in Harrison, Michigan. The petition and exhibits allege that Petitioner was arrested on April 24, 2008, when she attempted to file a motion for change of venue and recusal in the State's 27th District Court. She claims that her arrest was a case of mistaken identity and that respondent Jeffery B. Goyt lacks jurisdiction and authority to hold her in custody. She states that she does not know or understand the nature and cause of the charges against her and that she is being held on excessive bail and has been denied her right to a speedy trial. In addition, she claims that she is being denied necessary medication and medical attention and threatened with solitary confinement. She seeks to be discharged "with utmost expediency."

**II. ANALYSIS**

  Although federal courts may "consider pretrial habeas corpus petitions, [they] should abstain from the exercise of that jurisdiction if the issues raised in the habeas petition may be

resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

> Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes. This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted[,] dismissal of the case, *Strunk v. United States*, 412 U.S. 434 (1973), could not be more disruptive of pending state actions.

*Id*.

Among the state remedies available in Michigan is an action for the writ of habeas corpus, which may be brought in state district courts, state circuit courts, and in the Michigan Court of Appeals. Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 780 (1985). "The function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his [or her] liberty." *Id*. An action for the writ of mandamus "is the appropriate remedy where the plaintiff, lacking an adequate legal remedy, alleges a clear legal right to the performance of a specific duty by the defendant, and the defendant has an uncontrovertible legal duty to act in the manner so requested." *Phillips v. Prison Warden*, 153 Mich. App. 557, 566 (1986).

Petitioner contends that it would be futile to seek relief in the State's district courts because Chief Judge James A. Kandrevas is discharging his duties pursuant to an outdated oath of office and District Judge Randy L. Kalmbach has recused himself from all cases involving Petitioner. Petitioner further alleges that both judges have a conflict of interest because Petitioner filed a tort claim against them.

An exhibit to the habeas petition indicates that Judge Kandrevas signed an oath of office

on November 27, 2002.  Petitioner has not shown that this oath of office is outdated or that Judge Kandrevas lacks jurisdiction to hear her case.  And if Judge Kandrevas or Judge Kalmbach have a conflict of interest or have recused themselves, Petitioner should be able to seek relief from another state judge or state court.

### III. CONCLUSION

The Court declines to exercise jurisdiction because the issues raised in the habeas petition can be resolved in state court.  Extraordinary circumstances do not exist.  Accordingly, the petition for writ of habeas corpus [Doc. 1, April 28, 2008] is **DISMISSED** pursuant to Rules 1 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The dismissal is without prejudice for failure to exhaust available state remedies.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 25, 2008

I hereby certify that a copy of the foregoing document was served upon Petitioner, Nancy-Ann Ashenhurst-Gallina, P. O. Box 333, Wyandotte, MI 48192 on July 25, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager